AMOUNT $ 150
SUMMONS ISSUED ✓
LOCAL RULE 4.1 ✓
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. _Cwb_
DATE _1-26-05_

FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS   2005 JAN 26   P 2:30

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| AMCO PRODUCE, INC., | ) |
| Plaintiff, | ) |
| v. | ) Case No. **05cv10151 NMG** |
| LARRY V. LEE d/b/a ASSOCIATED FRUIT TRADERS, | ) |
| Defendant. | ) MAGISTRATE JUDGE _Alexander_ |

## COMPLAINT

For their complaint, Plaintiff respectfully states as follows:

### THE PARTIES

1. Amco Produce, Inc. (the "Plaintiff") has offices in Immokalee, Florida.

2. Plaintiff sells wholesale quantities of perishable agricultural commodities ("Produce") in interstate commerce.

3. Defendant is Larry V. Lee d/b/a Associated Fruit Traders (the "Defendant"), an entity engaged in the business of buying or selling produce in wholesale quantities and, thus, a "dealer" under the Perishable Agricultural Commodities Act, 1930, 7 USC §§ 499a-499t (2000 & Supp 2003) (the "PACA"). At all times relevant hereto, Defendant had a principal place of business in Brookline, Massachusetts.

## JURISDICTION AND VENUE

4. The District Court has jurisdiction over this civil action arising under § 5(c)(5) of the PACA, 7 U.S.C. § 499e(c)(5), pursuant to 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiff's other claims pursuant to 28 U.S.C. § 1367(a).

5. Venue in this District is based on 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district and a substantial part of the property that is the subject of this action is situated in this district.

## FACTUAL ALLEGATIONS

6. Plaintiff sold to the Defendant, and Defendant purchased from Plaintiff, Produce having a principal value in the amount of $30,361.50, exclusive of interest.

7. The Produce identified above was sold pursuant to the invoices attached hereto as Group Exhibit A.

8. The Defendant received from the Plaintiff each of the invoices included in Group Exhibit A.

9. The Defendant received and accepted the Produce identified in the invoices attached as Group Exhibit A in Bronx, New York.

10. The Defendant failed to pay for this Produce despite repeated written demands.

11. The Plaintiff is an unpaid supplier or seller of Produce having sold Produce to the Defendant for which it remains unpaid.

12.     The Plaintiff operates its business under a valid PACA license issued by the United States Department of Agriculture.

13.     Pursuant to the PACA, 7 U.S.C. § 499e(c), the Plaintiff is a beneficiary of a statutory trust res designed as a fund from which it can be assured payment.

## COUNT I.

### ENFORCEMENT OF THE PACA TRUST
### 7 U.S.C. § 499e(c)(4)

14.     Plaintiff re-alleges paragraphs 1 through 13.

15.     The Defendant is in possession, custody and control of PACA trust assets for the benefit of Plaintiff and other similarly-situated PACA trust beneficiaries.

16.     The Defendant failed to pay Plaintiff from the PACA trust assets for the shipments of Produce referenced in paragraph 6.

17.     The Defendant failed to maintain sufficient trust assets to fully satisfy all qualified PACA trust claims such as the Plaintiff's unpaid claims asserted in this action.

18.     As a direct result of the Defendant's failure to properly protect the PACA trust assets from dissipation, Plaintiff suffered damages which are covered under the PACA trust in the current amount of $30,361.50, plus accrued interest from the date each invoice became past due and attorney's fees.

19.     Plaintiff seeks the entry of an Order directing the Defendant to immediately turn over to the Plaintiff, as a beneficiary of this trust, an amount of the PACA trust res equal to the sum of $30,361.50, plus interest, costs and attorneys fees.

## COUNT II.

### BREACH OF CONTRACT

20. Plaintiff re-alleges paragraphs 1 through 13.

21. Plaintiff and the Defendant entered into contracts under which Plaintiff agreed to sell the Produce and Defendant agreed to purchase the Produce, each of which are referenced in paragraph 6 above.

22. The Defendant failed to pay for each shipment of Produce in the aggregate amount of $30,361.50.

23. Plaintiff seeks entry of an Order directing the Defendant to immediately pay the current sum of $30,361.50, plus interest, attorney's fees and costs to the Plaintiff.

## COUNT III.

### BREACH OF FIDUCIARY DUTY TO PACA TRUST BENEFICIARIES

24. Plaintiff re-alleges paragraphs 1 through 13.

25. At all times relevant to this action, the Defendant was in charge of all aspects of his business undertakings.

26. At all times relevant to this action, Defendant was a person, engaged in the business of buying or selling Produce in interstate commerce under a PACA license issued by the USDA.

27. The Defendant controlled and managed his business operations, including the buying or selling of Produce in wholesale quantities.

4

28. The Defendant had control over his financial dealings, including those involving the PACA trust assets.

29. The Defendant was the statutory trustee of Plaintiff's PACA trust assets and was required to maintain the trust assets in such a manner as to ensure there are, at all times, sufficient trusts assets to satisfy all outstanding PACA trust obligations such as that owed to Plaintiff.

30. Because Plaintiff's invoices have not been paid from PACA trust assets as their bills fell due, Plaintiff has reason to believe the Defendant dissipated the PACA trust or transferred trust assets to entities having claims which are subordinate to the Plaintiff's claims, to the detriment of the Plaintiff.

31. The Defendant continues to hold any and all PACA trust assets having come into his individual possession, or the Defendant's possession, as a trustee for Plaintiff's beneficial interest in the PACA trust.

32. The Defendant is personally liable to Plaintiff for the dissipation of the PACA trust to the extent of $30,361.50, plus interest, costs and attorney's fees, to be satisfied from the Defendant's personal assets.

**FOR THESE REASONS,** Plaintiff seeks the entry of an Order providing as follows:

A) As to Count I, entering a Final Judgment in favor of Plaintiff and against the Defendant in the current amount of $30,361.50, plus interest, costs and attorneys' fees, less any actual recovery on other Counts herein;

B)  As to Count II, entering a Final Judgment in favor of Plaintiff and against the Defendant in the current amount of $30,361.50, plus interest, costs and attorneys' fees;

C)  As to Count III, entering a final judgment in favor of Plaintiff and against the Defendant, for a breach of his fiduciary duties to the PACA trust, in the aggregate of $30,361.50, less any actual recovery on other Counts herein, and;

D)  Providing such other and further relief as the Court deems appropriate upon consideration of this matter.

Respectfully submitted,

AMCO PRODUCE, INC.

By: _____
One of Its Attorneys

Paula Bonnell (BBO # 049180)
PAULA BONNELL PROFESSIONAL CORPORATION ("PBPC")
50 Congress Street, Suite 840
Boston, Massachusetts 02109
Tel: 617/367-5990

Of Counsel:
Mary E. Gardner (Illinois Bar # 6190951)
KEATON & ASSOCIATES, P.C.
1278 W. Northwest Highway, Suite 903
Palatine, Illinois 60067
Tel: 847/934-6500
E-mail: gardner@pacatrust.com

6

Case 1:05-cv-10151-NMG     Document 1     Filed 01/26/2005     Page 7 of 10

## PACA TRUST CHART

Claimant: Amco Produce Inc.
Date: 01/07/05

Debtor: Larry V. Lee d/b/a Assocaited Fruit Traders
Terms: Net 10

| INVOICE NUMBER | DATE OF TRANS. | PAYMENT DUE | NOTICE DATE | ELAPSED DAYS | INVOICE AMOUNT | CURRENT BALANCE | TRUST AMOUNT |
|---|---|---|---|---|---|---|---|
| 63812 | 04/05/03 | 04/15/03 | 04/05/03 | 0 | $ 19,200.00 | $ 19,200.00 | $ 19,200.00 |
| 63977 | 04/12/03 | 04/22/03 | 04/12/03 | 0 | $ 11,161.50 | $ 11,161.50 | $ 11,161.50 |
| TOTALS | | | | | $ 30,361.50 | $ 30,361.50 | $ 30,361.50 |

Page 1

**AMCO GROUP OF COMPANIES**
**AMCO PRODUCE INC.**
P.O. BOX 61
LEAMINGTON, ONTARIO, N8H 1A6
CANADA
PHONE# -(519)-326-9095 FAX# -(519)326-6130

# INVOICE

Invoice #: 63812
Invoice: Apr 07, 2003
Ship: Apr 05, 2003
Pay Terms: 21 DAYS

Sold To: Associated Fruit Traders
PO Box 2009
Brookline MA 02446-6502

Ship To: Haas Produce
4640 Hunts Point Market
Bronx, NY

Page 1 of 1

Sale Terms: DELIVERED
Order: Apr 03, 2003
Cust PO: 030066

Salesperson: Frank Carlini
Via: Truck
Currency: USD

Carrier: Amco Express Inc.
Trailer lic: 532    St:
Broker:

| Description | Quantity | UOM | Price | Amount |
|---|---|---|---|---|
| TOMATO 11 LB. VINE 4-5 Cluster Red #1 SELECT ONE HOTHOUSE RED | 1600 | ctn | 12.00 | 19,200.00 |
| INVOICE TOTAL: | 1600 | | | 19,200.00 |

*Please return a copy of this invoice with your remittance - Thank You*

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5c of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C 499e ). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.



**AMCO PRODUCE INC.**
P.O. BOX 61
LEAMINGTON, ONTARIO, N8H 1A6
CANADA
PHONE# -(519)-326-9095  FAX# -(519)326-6130

# INVOICE

Invoice #: 63977
Invoice: May 12, 2003
Ship: Apr 12, 2003
Pay Terms: 21 DAYS

**Sold To:** Associated Fruit Traders
PO Box 2009
Brookline MA 02446-6502

**Ship To:** Haas Produce
4640 Hunts Point Market
Bronx, NY

Page 1 of 1

| Sale Terms: DELIVERED | Salesperson: Frank Carlini | Carrier: Amco Express Inc. |
|---|---|---|
| Order: Apr 12, 2003 | Via: Truck | Trailer lic: 533    St: |
| Cust PO: file # 03-402 | Currency: USD | Broker: |

| Description | Quantity | UOM | Price | Amount |
|---|---|---|---|---|
| TOMATO 15 LB. BEEF 25-28 CTN #1 SELECT ONE HOTHOUSE RED | 77 | ctn | 10.50 | 808.50 |
| TOMATO 11 LB. VINE 4-5 Cluster Red #1 SELECT ONE HOTHOUSE RED | 700 | ctn | 10.50 | 7,350.00 |
| TOMATO 11 LB. VINE VINES-PLU #1 OTHER HOTHOUSE RED | 286 | ctn | 10.50 | 3,003.00 |
| INVOICE TOTAL: | 1063 | | | 11,161.50 |

300 VINES SHIPPED TO GRISTEDES  REDUCE FROM 1000 TO 700.

**Please return a copy of this Invoice with your remittance - Thank You**
The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5c of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C 499e). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
AMCO PRODUCE, INC.

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Paula Bannell, Esq.
P&PC
50 Congress St., Suite 840
Boston, MA 02109

## DEFENDANTS

FILED IN CLERKS OFFICE
2005 JAN 26 P 2:30
U.S. DISTRICT COURT
DISTRICT OF MASS.

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☒ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Perishable Agricultural Commodities Act ("PACA") 7 USC §§499a-499t
Brief description of cause:
Payment of debt for produce & recovery from PACA trust

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 1/26/05
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) **AMCO PRODUCE, INC.**
   **V. LARRY V. LEE d/b/a ASSOCIATED FRUIT TRADERS**

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   - ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - ___ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.
     *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   - **X** III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   - ___ V.   150, 152, 153.

   (FILED IN CLERK'S OFFICE JAN 26 P 2:30 U.S. DISTRICT COURT DISTRICT OF MASS.)

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.
   **N/A**

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   YES   **(NO)**

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)
   YES   **(NO)**

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
   YES   NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
   YES   **(NO)**

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
   **(YES)**   NO

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
      **(EASTERN DIVISION)**   CENTRAL DIVISION   WESTERN DIVISION

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
      EASTERN DIVISION   CENTRAL DIVISION   WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME: **Paula Bonnell, PAULA BONNELL PROFL. CORP. ("PBPC")**
ADDRESS: **50 Congress St., Suite 840, Boston, MA 02109**
TELEPHONE NO.: **(617) 367-5990**

(Cover sheet local.wpd - 11/27/00)